**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter __**11**__

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **SFC Holdings, Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **Also known as: Shoes for Crews; SureGrip; Mozo; Keuka; Crew Guard; Mighty Mat** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **20-1268908** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **5000 T-Rex Avenue Suite 100 Boca Raton, FL 33431** | |
| | | Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Palm Beach** | **Location of principal assets, if different from principal place of business** |
| | | County | |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.shoesforcrews.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

| Debtor | **SFC Holdings, Inc.** | Case number (*if known*) _____ |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

<u>4243</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| | District _____ | When _____ | Case number _____ |
|---|---|---|---|
| | District _____ | When _____ | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☑ Yes.

Debtor    **SFC Holdings, Inc.** _____    Case number (_if known_) _____
              Name

List all cases. If more than 1,
attach a separate list

Debtor    **SEE ATTACHED RIDER** _____    Relationship    _____

District _____    When _____    Case number, if known    _____

---

**11. Why is the case filed in _this district?_**    _Check all that apply:_

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (_Check all that apply._)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                        Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency    _____
          Contact name       _____
          Phone              _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    _Check one:_

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors \***

☐ 1-49
☐ 50-99
☐ 100-199
☑ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets \***

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☑ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities \***

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☑ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**\* The Debtors' estimated number of creditors, assets, and liabilities noted here are provided on a consolidated basis.**

---

| Debtor | **SFC Holdings, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/01/2024
                     MM / DD / YYYY

X  *Christopher Sim*                              **Christopher Sim**
Signature of authorized representative of debtor          Printed name

Title  **Chief Financial Officer**

---

**18. Signature of attorney**

X  */s/ Mark L. Desgrosseilliers*                    Date  04/01/2024
Signature of attorney for debtor                            MM / DD / YYYY

**Mark L. Desgrosseilliers**
Printed name

**CHIPMAN BROWN CICERO & COLE, LLP**
Firm name

**Hercules Plaza**
**1313 N. Market Street, Suite 5400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 295-0192**      Email address  **desgross@chipmanbrown.com**

**4083 DE**
Bar number and State

**<u>RIDER 1</u>**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "<u>Debtors</u>") filed a Petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Never Slip Holdings, Inc.

- Never Slip Holdings, Inc.
- Never Slip TopCo, Inc.
- SHO Holding I Corporation
- SHO Holding II Corporation
- Shoes For Crews, Inc.
- SFC Holdings, Inc.
- SFC Holdings, LLC
- Shoes for Crews, LLC
- SRS/MKS, L.L.C.
- Shoes for Crews Canada, Ltd.
- SFC Canada, Inc.
- Sunrise Enterprises, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:

      SFC Holdings, Inc.,

                      Debtor.

Chapter 11

Case No. 24-[_____] ([____])

## CORPORATE OWNERSHIP STATEMENT

        Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| SHO Holding II Corporation | 100% |

`

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:

      SFC Holdings, Inc.,

               Debtor.

Chapter 11

Case No. 24-[_____] ([____])

### LIST OF EQUITY HOLDERS

      The following is a list of debtor SFC Holdings, Inc.'s significant equity holders. This list has been prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| SHO Holding II Corporation | 5000 T-Rex Avenue Suite 100 Boca Raton, FL 33431 | 100% |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor name | **Never Slip Holdings, Inc.** |
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CEVA Logistics US Inc 15350 Vickery Dr Houston, TX 77032-2530 | CEVA Logistics US Inc | Freight & Logistics | Contingent | | | $8,200,000.00 |
| 2 | Hyper Shine Group Shoes Co, Ltd Rm B3, 19/F Tung Lee Commercial Bldg 91-97 Jervois St Sheung Wan, Hong Kong Hong Kong | Hyper Shine Group Shoes Co, Ltd Tel: 392-538-0154 Email: ken_lee@hypershine.cn | Manufacturer | Contingent | | | $2,247,114.96 |
| 3 | Wjiang Jinjiang Xiong Yi Shoes c/o Mega Perfect Development Ltd L24043 Rm 1303, 13/F, Sino Favour Ctr 1 On Yip St Chaiwan Hong Kong | Wjiang Jinjiang Xiong Yi Shoes | Manufacturer | Contingent | | | $2,083,635.40 |
| 4 | Vandegrift 100 Walnut Ave, Ste 600 Clark, NJ 07066 | Vandegrift Tel: 201-915-9500 Email: clagana@vandegrift.com | Freight & Logistics | Contingent | | | $1,496,569.73 |
| 5 | New Balance Athletic Shoe Inc c/o Lyons Crossing Prof 1341 Branton Blvd, Ste 103 Knoxville, TN 37922-8521 | New Balance Athletic Shoe Inc Email: ar.remit@newbalance.com | Manufacturer | | | | $1,457,626.20 |
| 6 | Avendra LLC c/o Wells Fargo Bank 7175 Columbia Gateway Dr Columbia, MD 21046 | Avendra LLC | Customer | Contingent | | | $1,340,089.75 |
| 7 | Unisen Industrial Development Pte Ltd Rampur,Burichong Cumilla, 3500 Bangladesh | Unisen Industrial Development Pte Ltd Tel: 359-079-5520 Email: Beryl.jiao@jidafootwear.com | Manufacturer | Contingent | | | $1,145,740.12 |
| 8 | DeWalt US 701 E Joppa Rd Towson, MD 21286 | DeWalt US | Manufacturer | | | | $1,078,152.00 |
| 9 | WOVERSP OverSpeedy c/o Verspeedy Shoes Viet Nam Co, Ltd The 605 Plot, The 08th Map, Binh Hoa 1 Quarter, Tan Phuoc Khanh Ward, Tan Uyen City Binh Duong Province 820000 Vietnam | WOVERSP OverSpeedy | Manufacturer | Contingent | | | $941,498.60 |
| 10 | West Chester Protective Gear 11500 Canal Rd Cincinnati, OH 45241 | West Chester Protective Gear | Manufacturer | Contingent | | | $564,160.00 |
| 11 | Google Inc Dept 33654 P.O. Box 39000 San Francisco, CA 94139 | Google Inc Email: collections-us@google.com | Advertising/ Marketing | Contingent | | | $392,315.00 |

Debtor **Never Slip Holdings, Inc.**                                    Case number *(if known)* _____
　　　　　Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 Deloitte & Touche LLP 1800 N Military Trl, Ste 200 Boca Raton, FL 33431 | Deloitte & Touche LLP | Professional Services | | | | $365,057.00 |
| 13 Wnice Goodway Intl Holdings Ltd c/o Goodway Int'l Holdings Ltd Rm 16/F, Railway Plz Nos 39 Chatham Rd S Tsim Sha Tsui, Kln Hong Kong | Wnice Goodway Intl Holdings Ltd | Manufacturer | Contingent | | | $318,710.60 |
| 14 Wputian Putian Xiecheng Footwear Co, Ltd c/o Putian Xiecheng Footwear Co, Ltd Fengting Industry Area Xianyou County, Putian City Fujian Province China | Wputian Putian Xiecheng Footwear Co, Ltd | Manufacturer | Contingent | | | $239,524.00 |
| 15 Netsuite Oracle Banc of America Leasing c/o Lease Administration Center 2600 W Big Beaver Rd Troy, MI 48084 | Netsuite Oracle Banc of America Leasing Tel: 800-959-5936 Email: customersvc@leaseadmincenter.com | Software & Services | | | | $188,776.75 |
| 16 R2 Unified Technologies, LLC 980 N Federal Hwy, Ste 410 Boca Raton, FL 33432 | R2 Unified Technologies, LLC | Software & Services | Contingent | | | $153,040.52 |
| 17 Wfengze Fengze c/o Hongkong Cheng Kwok & Xin Moulding Rm 18 27/F Ho King Comm Ctr 2-16 Fa Yuen St Mongkok Kl Hong Kong | Wfengze Fengze | Manufacturer | | | | $136,160.00 |
| 18 Oracle America, Inc 2300 Oracle Way Austin, TX 78741 | Oracle America, Inc Tel: 877-638-7848 Email: CollectionsTeam_US@Oracle.com | Software & Services | | | | $133,024.98 |
| 19 Auxis LLC 8151 Peters Rd, Ste 3500 Ft Lauderdale, FL 33324 | Auxis LLC Tel: 954-236-4000 Email: AR.collections@auxis.com | Professional Services | | | | $123,234.96 |
| 20 DeWalt Canada 6275 Millcreek Dr Mississauga, ON L5N 7K6 Canada | DeWalt Canada | Manufacturer | | | | $111,710.24 |
| 21 Logic Broker Inc 1 Enterprise Dr, Ste 425 Shelton, CT 06484 | Logic Broker Inc Tel: 203-929-7633 Email: accounting@logicbroker.com | Professional Services | Contingent | | | $107,103.95 |
| 22 Project44, LLC 222 Merchandise Mart Plz, Ste 1744 Chicago, IL 60654 | Project44, LLC Email: collections@project44.com | Software & Services | | | | $102,800.00 |
| 23 Myers-Holum, Inc 244 Madison Ave, Ste 217 New York, NY 10016 | Myers-Holum, Inc Email: payments@myersholum.com | Software & Services | | | | $95,574.00 |
| 24 Whole Foods Planet Foundation c/o Jessica Villanueva 550 Bowie St Austin, TX 78703 | Whole Foods Planet Foundation | Customer | | | | $93,121.20 |
| 25 UCW Logistics, LLC 325 W Mcbee Ave, Ste 200 Greenville, SC 29601 | UCW Logistics, LLC Email: ar@ucwlogistics.com | Freight & Logistics | | | | $91,255.00 |
| 26 Commerce Canal Corp 98 Front St, Apt 5B Brooklyn, NY 11201 | Commerce Canal Corp Email: maria@commercecanal.com | Software & Services | Contingent | | | $78,086.77 |

| Debtor | **Never Slip Holdings, Inc.** | | | Case number *(if known)* | |
|---|---|---|---|---|---|
| | Name | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | Publicis Epsilon Collection Account Fbo Epsilon Data Management LLC 601 Edgewater Dr Wakefield, MA 01880 | Publicis Epsilon Collection Account Email: Nicole.Eaton@epsilon.com | Dues & Subscription | Contingent | | | $76,133.00 |
| 28 | TRO LLC 600 Phipps Blvd, Ste 2301 Atlanta, GA 30326 | TRO LLC Email: m@troconsulting.com | Software & Services | Contingent | | | $74,065.89 |
| 29 | Concept 360 Exhibits 4030-A Skyron Dr Doylestown, PA 18902 | Concept 360 Exhibits Email: bhall@concept-360.com | Professional Services | Contingent | | | $64,931.98 |
| 30 | Purolator Inc P.O. Box 4918 Station A Toronto, ON M5W 0C9 Canada | Purolator Inc Email: Kathleen.Seaton@Purolator.com; PiRemittance@Purolator.com | Freight & Logistics | | | | $63,560.17 |
| 31 | Peak Activity LLC 1200 N Federal Hwy, Ste 200 Boca Raton, FL 33432 | Peak Activity LLC Email: jamy@peakactivity.com | Professional Services | Contingent | | | $50,000.00 |
| 32 | The Siegfried Group, LLP 1201 N Market St, Ste 700 Wilmington, DE 19801 | The Siegfried Group, LLP Email: areceivable@siegfriedgroup.com | Professional Services | Contingent | | | $50,000.00 |
| 33 | Promethean Analytics Inc 2351 Sunset Blvd, Ste 170-818 Rocklin, CA 95765-4306 | Promethean Analytics Inc | Software & Services | | | | $47,250.00 |
| 34 | AON Risk Services, Inc of FL c/o Aon Risk Svcs Companies, Inc 75 Remittance Dr Chicago, IL 60675-1943 | AON Risk Services, Inc of FL Tel: 305-372-9950 | Insurance | Contingent | | | $43,937.20 |
| 35 | Wfitro Fitron Ltd Industries c/o Fitron Industries Ltd 20/F, Winbase Ctr 208 Queen's Rd Cenral Sheung Wan Hong Kong | Wfitro Fitron Ltd Industries Tel: 85 229 095 676 Email: Sales@Cortinachina.com | Manufacturer | | | | $36,865.00 |
| 36 | Randstad P.O. Box 742689 Atlanta, GA 30374-2689 | Randstad Email: ar.support@randstadusa.com | Professional Services | | | | $35,738.42 |
| 37 | Gravity Global Attn: Gretchen Freemyer 400 E Las Colinas Blvd, Ste 1050 Irving, TX 75039 | Gravity Global Email: Gretchen.Freemyer@Mojomedialabs.com | Advertising/ Marketing | Contingent | | | $31,000.00 |
| 38 | Wunderkind dba Bounce 1 World Trade Ctr, 74th Fl New York, NY 10007 | Wunderkind Email: invoices@wunderkind.co; invoices@wunderkind.com | Professional Services | | | | $29,363.69 |
| 39 | Federal Express-Small Package P.O. Box 7221 Pasadena, CA 91109 | Federal Express-Small Package Tel: 855-552-5393 Email: useft@fedex.com | Freight & Logistics | | | | $26,865.74 |
| 40 | Wfuxia Fuxiang Shoe Material Co, Ltd c/o Fuxiang Shoe Material Co,Ltd Dafeng Indust Area, Wenchang West Rd Sanxiang Town Zhongshan City, Guangdon, China | Wfuxia Fuxiang Shoe Material Co, Ltd | Manufacturer | Contingent | | | $26,509.92 |
| 41 | Wjmave Jm-Avenir HK Ltd c/o Jm Avenir Int'l (HK) Ltd Flat/Rm 2107 21/F Cc Wu Bldg 302- 308 Hennessy Rd, Wancha Hong Kong | Wjmave Jm-Avenir HK Ltd | Manufacturer | | | | $23,794.56 |

Debtor  **Never Slip Holdings, Inc.**                                      Case number *(if known)*  _____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 42 PCI Aka Postal Center Intl Inc 3406 SW 26 Ter Ft Lauderdale, FL 33312 | PCI Email: ar@surfpci.com | Professional Services | | | | $21,849.68 |
| 43 Ignite Visibility LLC 4250 Executive Sq, Ste 100 La Jolla, CA 92037 | Ignite Visibility LLC Email: billing@ignitevisibility.com | Software & Services | Contingent | | | $18,617.00 |
| 44 Sodexo Operations LLC Attn: Amare Hailom 9801 Washingtonian Blvd Gaithersburg, MD 20878 | Sodexo Operations LLC | Customer | | | | $18,262.46 |
| 45 CDW Direct Corp Attn: Cash Posting 200 N Milwaukee Ave Vernon Hills, IL 60061 | CDW Direct Corp Email: achremittance@cdw.com | Equipment | | | | $17,995.37 |
| 46 Wingify Software Private Ltd 1104 Klj Tower N B-5, 11th Fl Netaji Subhash Place, Pitampura New Delhi, India 110034 India | Wingify Software Private Ltd Email: account.receivagles@vwo.com | Software & Services | | | | $17,341.00 |
| 47 Chinook Asia, LLC 7690 SW Mohawk St Tualatin, OR 97062-8119 | Chinook Asia, LLC | Manufacturer | | | | $16,872.90 |
| 48 Unbxd, Inc 1710 S Amphlett Blvd, Ste 124 San Mateo, CA 94402 | Unbxd, Inc Email: receivables@unbxd.com | Software & Services | | | | $16,497.00 |
| 49 Ashok Aluri Dba Square Solutions LLC 3475 Mason View Dr NE Grand Rapids, MI 49525 | Ashok Aluri | Professional Services | Contingent | | | $16,000.00 |
| 50 Anderson Merchandisers, LLC 5601 Granite Pkwy, Ste 1400 Plano, TX 75024 | Anderson Merchandisers, LLC Tel: 972-987-5516 Email: ar@amerch.com | Advertising Marketing | Contingent | | | $15,312.96 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td><strong>SFC Holdings, Inc.</strong></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>DISTRICT OF DELAWARE</td></tr>
<tr><td>Case number (if known)</td><td></td></tr>
</table>

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **Corporate Ownership Statement; List of Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/01/2024          x _____ *Christopher Sim* _____
                                   Signature of individual signing on behalf of debtor

                                   **Christopher Sim**
                                   Printed name

                                   **Chief Financial Officer**
                                   Position or relationship to debtor

**NEVER SLIP TOPCO, INC., NEVER SLIP HOLDINGS, INC.,
SHO HOLDING I CORPORATION, SHO HOLDING II CORPORATION,
SFC HOLDINGS, INC., SFC HOLDINGS, LLC, SHOES FOR CREWS, INC.,
SHOES FOR CREWS CANADA, LTD., SFC CANADA, INC.,
SHOES FOR CREWS, LLC, SUNRISE ENTERPRISES, LLC, AND SRS/MKS, L.L.C.
OFFICER'S CERTIFICATE**

March 31, 2024

The undersigned, as the Chief Financial Officer of Never Slip TopCo, Inc. and each of the entities identified on <u>Schedule 1</u> to **<u>Exhibit A</u>** (each, a "<u>Company</u>" and collectively, the "<u>Companies</u>") hereby certifies, solely in his capacity as an officer of each Company and not in any individual capacity, as follows:

1.      I am the duly qualified and elected Chief Financial Officer of each Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.      Attached hereto are true, complete, and correct copies of the resolutions duly adopted at a meeting by the boards of directors, managing members, or general partners, as applicable, of each of the Companies, on March 31, 2024 (the "<u>Resolutions</u>").

3.      Since their adoption, the Resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____

Name:  Christopher Sim

Title:   Chief Financial Officer

## Exhibit A

**Resolutions**

**OMNIBUS RESOLUTIONS OF THE BOARDS OF DIRECTORS,
MANAGING MEMBERS, AND GENERAL PARTNERS, AS APPLICABLE,
OF NEVER SLIP TOPCO, INC. AND CERTAIN OF ITS SUBSIDIARIES**

March 31, 2024

WHEREAS, pursuant to notice duly given, a meeting (the "Meeting") of the boards of directors, managing members, or general partners (each, a "Governing Body" and collectively, the "Governing Bodies"), as applicable, of Never Slip TopCo, Inc., a Delaware corporation and each of the entities listed on **Schedule 1** attached hereto (each, a "Company" and collectively, the "Companies"), was convened on March 31, 2024;

WHEREAS, a quorum of each Governing Body, as applicable, participated throughout the Meeting;

WHEREAS, the Governing Bodies have reviewed and considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to them, and the effect of the foregoing on the Companies' businesses;

WHEREAS, the Governing Bodies have had the opportunity to consult with the management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies;

WHEREAS, the Governing Bodies have determined in an exercise of their business judgment that it is advisable and in the best interests of the Companies to undertake the restructuring transactions set forth in that certain restructuring support agreement (the "Restructuring Support Agreement") by and among certain of the Companies and certain consenting creditors and shareholders , substantially in the form that has been or will be presented to the Governing Bodies, and to take such other actions with respect thereto;

WHEREAS, after a marketing process and negotiations with their stakeholders, the Companies have negotiated with the prepetition secured lenders party to (i) that certain First Lien Credit Agreement, dated as of October 27, 2015 (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time), by and among SHO Holding I Corporation, a Delaware corporation, as borrower (the "Borrower"), Never Slip Holdings, Inc., a Delaware corporation ("Holdings"), the Borrower's direct and indirect domestic subsidiaries, as guarantors, the lenders from time to time party thereto, and Antares Capital LP ("Antares"), as administrative and collateral agent (the "Prepetition 1L Credit Agreement") to provide a superpriority debtor in possession credit facility (the "DIP Credit Facility") to the Companies to fund the Companies' operations in the ordinary course, fund the administration of the Chapter 11 Cases (as defined herein), and pay the claims of certain vendors, employees, and other stakeholders in the ordinary course of business during the Chapter 11 Cases;

WHEREAS, each Governing Body has been advised of the material terms of the DIP Credit Facility by and among SHO Holding I Corporation, as borrower, and each of the guarantors under the Prepetition 1L Credit Agreement, as guarantors, the lenders party thereto from time to time (collectively, the "DIP Lenders"), and Antares, as administrative and collateral agent (in such

capacity, the "<u>DIP Agent</u>") (with such changes, additions, deletions, amendments, or other modifications thereto as each Authorized Signatory (as defined below) may in its sole and absolute discretion approve (together with all exhibits, schedules, and annexes thereto, the "<u>DIP Credit Agreement</u>"));

WHEREAS, each Governing Body has reviewed and considered presentations by the management and financial and legal advisors of the Companies regarding the DIP Credit Facility and DIP Credit Agreement;

WHEREAS, the obligation of the DIP Lenders to make the extensions of credit to the Companies is subject to, among other things, the Companies entering into the DIP Credit Agreement or satisfying certain conditions in the DIP Credit Agreement, as applicable;

WHEREAS, the Companies will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interests of the Companies to enter into the DIP Credit Agreement and each other Loan Document (as defined in the DIP Credit Agreement) and to perform their obligations thereunder, including granting liens, guarantees, and equity pledges;

WHEREAS, the Buyer (as defined in that certain form of Asset and Equity Purchase Agreement, as of today's date (the "<u>APA</u>"), by and among SHO Holding I Corporation, a Delaware corporation, Never Slip TopCo, Inc., a Delaware corporation, Never Slip Holdings, Inc., , Shoes for Crews, Inc., SFC Holdings, Inc., Shoes for Crews Canada, Ltd., SFC Holdings, LLC, Shoes for Crews, LLC, SFC Canada, Inc., Sunrise Enterprises, LLC, SRS/MKS, L.L.C., as sellers, and Lender AcquisitionCo, LLC, as buyer, and Antares Capital LP, as Prepetition Agent and DIP Agent) and the Companies have negotiated the material terms of the APA to govern the terms of the Purchaser's purchase of certain assets  (the "<u>Assets</u>") and assumption of certain liabilities of the Companies, subject to the receipt of a higher or otherwise better offer;

WHEREAS, each Governing Body has reviewed the material terms of the APA (together with each of the other certificates, documents, agreements, and schedules contemplated under the APA, the "<u>APA Documents</u>"), and after due consideration and deliberation, determined that each of the transactions contemplated by the APA and the APA Documents (the "<u>APA Transactions</u>") are advisable, fair to, and in the best interests of the Companies and their creditors and stakeholders;

WHEREAS, the consummation of the APA Transactions is subject to the Companies filing a motion (the "<u>Sale Motion</u>") with the Bankruptcy Court (as defined herein), seeking, among other things, approval of (i) an auction process (the "<u>Auction</u>") that will govern the marketing and sale of the Assets through certain bidding procedures (the "<u>Bidding Procedures</u>") to the Purchaser or another bidder with the highest or otherwise best offer (such bidder, the "<u>Successful Bidder</u>") and (ii) the Purchaser as the stalking horse bidder and certain related bid protections;

WHEREAS, the Governing Bodies have had an opportunity to consult with the Companies' financial and legal advisors and review the chapter 11 preparation materials provided by the Companies' financial and legal advisors;

WHEREAS, the Governing Bodies have determined that it is in the Companies' best interests to seek relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); and

WHEREAS, the Governing Bodies hereby take the following actions and adopt the following resolutions pursuant to the organizational documents of each of the Companies, as applicable, and the laws of the state of Delaware or Florida, as applicable:

NOW, THEREFORE, BE IT,

**Voluntary Petition for Relief Under Chapter 11 of the Bankruptcy Code**

RESOLVED, that in the judgment of the Governing Bodies, it is desirable and in the best interests of the Companies (including a consideration of each Company's creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable laws in the United States.

RESOLVED, that the members of the Governing Bodies or any other duly appointed officer of the Companies authorized by the Governing Bodies to act on behalf of the applicable Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to (i) execute and file on behalf of the Companies all petitions, affidavits, declarations, first day motions, schedules, statements of financial affairs, lists and other motions, applications, pleadings, papers, or documents; (ii) take and perform any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' business; (iii) appear as necessary at all bankruptcy proceedings on behalf of the Companies; and (iv) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the actions of any Authorized Signatory taken pursuant to the preceding resolution, including the execution, acknowledgment, delivery, and verification of the petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of such Authorized Signatory's approval and the necessity or desirability thereof.

**Restructuring Support Agreement**

RESOLVED, that the Companies shall be, and hereby are, authorized to enter into the Restructuring Support Agreement, with such changes, additions, and modifications thereto as an Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by an Authorized Signatory's execution and delivery thereof.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and empowered to enter into, on behalf of the Companies, the Restructuring Support Agreement, and to take any and all actions necessary or advisable to advance the Companies' rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute the Restructuring Support Agreement on behalf of the Companies and to take all necessary actions in furtherance of consummation of such agreement's terms.

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the law firm of Ropes & Gray LLP as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ropes & Gray LLP.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Chipman Brown Cicero & Cole LLP, as co-bankruptcy counsel, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Chipman Brown Cicero & Cole LLP.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of Solomon Partners Securities, LLC, as investment banker to the Companies to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of Solomon Partners Securities, LLC.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Berkeley Research Group, LLC, as financial advisor, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Berkeley Research Group, LLC.

RESOLVED, that the Authorized Signatories be, and they hereby are authorized and directed to employ Omni Agent Solutions, Inc., as notice, claims, solicitation and balloting agent in connection with the Chapter 11 Cases; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Omni Agent Solutions, Inc.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of C Street Advisory Group, LLC, as strategic communications advisor,

to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of C Street Advisory Group, LLC, if applicable.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Companies' Chapter 11 Cases, with a view to the successful prosecution of such case.

## DIP Facility

RESOLVED, the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein, and the guaranties, liabilities, obligations, and guarantees, liens, and equity pledges granted in connection therewith, be, and hereby are, authorized, adopted and approved with such lenders and on such terms substantially consistent with those presented to the Governing Bodies on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Signatories, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Companies.

RESOLVED, that, in the judgment of the Governing Bodies, it is desirable and in the best interests of the Companies (including a consideration of their creditors and other parties in interest) to finalize, execute, and deliver the DIP Credit Agreement and each other Credit Document, subject to appropriate modifications and final negotiations, and the Companies' performance of their obligations thereunder, including granting liens, guarantees, and equity pledges.

RESOLVED, that the Companies' execution and delivery of, and the performance of their obligations (including guarantees) in connection with the DIP Credit Agreement, is hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, is hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Credit Agreement and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any such changes therein, additions, deletions, amendments, or other modifications thereto required to consummate the transactions contemplated by the DIP Credit Agreement in the

name and on behalf of the Companies, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in its sole and absolute discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable.

RESOLVED, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby is, authorized and directed to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form with such changes therein, additions, deletions, amendments, or other modifications thereto as any Authorized Signatory may in its sole and absolute discretion approve, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Companies, necessary to implement the postpetition financing, including providing for adequate protection to the secured parties under the Prepetition 1L Credit Agreement, the Prepetition Sidecar Credit Agreement, that certain Second Lien Credit Agreement, dated as of October 27, 2015 (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time), by and among the Borrower, Holdings, the Borrower's direct and indirect domestic subsidiaries, as guarantors, the lenders from time to time party thereto, and Ares Capital Corporation, as administrative and collateral agent, and that certain Non-Notification Factoring Agreement, dated as of November 15, 2018 (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time), by and between Shoes for Crews, LLC and The CIT Group/Commercial Services, Inc., in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of cash collateral in connection with the Chapter 11 Cases, which agreements may require adequate protection and liens to the DIP Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

RESOLVED, that (i) the form, terms, and provisions of the DIP Credit Agreement, (ii) the grant of (a) collateral under the DIP Credit Agreement and (b) pledges of equity, (iii) the guaranty of obligations by the Guarantors (as defined in the DIP Credit Agreement) under the DIP Credit Agreement, from which the Companies will derive value, be and hereby are, authorized, adopted, and approved, and (iv) any Authorized Signatory of the Companies is hereby authorized, empowered, and directed, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to the Governing Bodies, and such other agreements, certificates, instruments, or other papers or documents to which each Company is or will be a party or any order entered into in connection with the DIP Credit Agreement (collectively with the DIP Credit Agreement, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Signatory executing the same shall approve.

RESOLVED, that each Company, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens, guarantees, and providing equity pledges to secure such obligations.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all schedules, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested under the Financing Documents; and (iv) such forms of officer's certificates and compliance certificates as may be required by the Financing Documents.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions.

**Entry into Stalking Horse APA**

RESOLVED, that each Company is authorized to enter into the APA Documents with the Purchaser for the sale of the Assets and to undertake any and all related transactions contemplated thereby, including the APA Transactions, the Auction, and the Bidding Procedures, on the terms contained therein or on such other terms and conditions as the Authorized Signatories, or any of them, in their, his or her sole discretion, determine to be necessary, appropriate or desirable.

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered in the name of, and on behalf of, each respective Company to execute, on behalf of each respective Company, the APA Documents, and to execute and file, on behalf of each respective Company, the Sale Motion (including the Bidding Procedures) with the Bankruptcy Court.

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered in the name of, and on behalf of, each respective Company to conduct the Auction as approved by the Bankruptcy Court pursuant to the Sale Motion and Bidding Procedures and to negotiate, for and on behalf of each respective Company, such agreements,

documents, assignments and instruments as may be necessary, appropriate or desirable in connection with the sale to the Purchaser or the Successful Bidder.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the Governing Bodies received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, as applicable, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Governing Bodies.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

* * * * *

## **Schedule 1**

### **Filing Entities (State of Incorporation)**

1. Never Slip TopCo, Inc. (Delaware)

2. Never Slip Holdings, Inc. (Delaware)

3. SHO Holding I Corporation (Delaware)

4. SHO Holding II Corporation (Delaware)

5. Shoes For Crews, Inc. (Florida)

6. SFC Holdings, Inc. (Delaware)

7. SFC Holdings, LLC (Florida)

8. Shoes for Crews, LLC (Florida)

9. SRS/MKS, L.L.C. (Florida)

10. Shoes for Crews Canada, Ltd. (Florida)

11. SFC Canada, Inc. (Florida)

12. Sunrise Enterprises, LLC (Delaware)